So we'll turn now to the first case on the calendar, United States v. Katzmann. Good morning. Good morning, Your Honors. First, I'd just like to thank the Court for allowing, for moving the calendar because of my tardiness, and I apologize very sincerely for that. I'm very sorry. Thank you very much. Do you wish to reserve any of your time for rebuttal? I do. I'd like to reserve three minutes, please, Your Honor. All right. Go ahead. You can proceed. Your Honor, my name is Donna Aldea, and I represent Igor Katzmann on this appeal. In this case, Mr. Katzmann provided substantial assistance to the government, ultimately allowing the government to obtain convictions in the largest no-fault insurance fraud prosecution in history. In exchange for his cooperation, which came at a significant cost to himself and his family, in the end, he was saddled with additional convictions that otherwise never would have existed, that the government was never pursuing, as the government itself acknowledged, and he obtained no benefit whatsoever. So the decision that ultimately led to this result, which is an anomalous result based on the case law, incredibly anomalous, because really, there is no Second Circuit case or other circuit court case for that matter where substantial assistance is found and no reduction at all is granted. So it is truly an anomalous result. But the decision that led to this . . . There may not be written decisions, but it's happened. That may be so, Your Honor, but at least from an appellate standpoint, it does not appear from any of the cases that we've cited, and I know that we've all looked extensively at all the cases out there. There does not seem to be an appellate circuit court decision addressing such a situation. Aren't there cases that talk about the extent of a reduction? Absolutely. But the . . . And a reduction can be zero. Don't the cases seem to suggest that it's up to the sentencing judge? Your Honor, I disagree with the latter proposition only because . . . well, for a number of reasons. First, just looking at the decision . . . The law requires a district judge to reduce? No. The law requires, if the first threshold showing of substantial reduction is made, then the law requires the judge to grant the motion. Then the court can exercise its discretion to determine what reduction is appropriate. Recognizing that you're right, what you just said, that that's the law, isn't it clear from Judge Johnson's opinion, even though he didn't grant the motion, isn't it clear from his decision that he would have held that there should be no reduced sentence in Step 2? I disagree with that proposition, Your Honor. You disagree? I do. And here's the reason, or at least I would say that an error of law infected that analysis as well. The reason that an error of law infected that second portion of the analysis, so accepting that he ultimately said denied and assuming that that's not what he meant, here, when you look at the decision, and specifically I'm looking at page 5 of that decision, the court actually specifically said that it had a duty to consider the 3553 factors on the motion. In other words, it found that this is tantamount to a sentencing, and it must consider those factors. The case law is absolutely contrary to that proposition. There is no circuit court that has ever held— Is error of law all over the place? No, Your Honor, not on that point. In fact, just last week— Some courts say you can, some courts say you can't. Actually, no court says you must. And in fact, this court recognized that proposition just last week in United States v. Doria, which is a case that was just decided last week. I have the citation. I provided it to my adversary, but the case was decided— What's the citation? The citation is—I have 2018, Westlaw, 4293329. It's United States v. Doria. It's 17901CR, decided September 10, 2018, by this court. And what the court held in Doria—actually, I'll quote you directly from it. The decision says, no circuit has held, however, that a district court must consider the 3553A factors in the decision. So the court operated under an error of law in that part of the analysis as well, because he specifically said he had a duty to consider the factors. I don't know what would have happened had he said, I don't have to consider these factors. Maybe I shouldn't consider these factors. It never took that into consideration. So facially, a remand is required here for two distinct reasons. Number one, the court's holding, which was very clear, both in its summary holding without decision and then subsequently in its holding when it issued a decision, the court said, I find substantial assistance. I deny the motion. That's just wrong. It's not legally correct. The second reason that a remand is required in this case is because the court found and specifically stated that it had a duty, quote, to consider these factors, which is contrary to this court's statement and contrary to the precedent of every court to look at it. But the third part— If Congress found that the 3553A factors were important enough to require consideration when you were originally sentenced, when the trial judge originally sentences, and the other two avenues by which a final sentence might be reduced, say, consider the 3553A factors, why doesn't it make sense that they should be considered if you deny it? Well, actually, Your Honor, the statutory scheme makes it very clear for the reason Your Honor just highlighted. I know that's your argument. That's in your brief, yes. Yes. So I'll give you additional reasons as well. The reason they should not be considered is because Congress specifically said there are three ways to modify a sentence. You can do it under 3582C1A, consider the factors. You can do it under 3582C2, consider the factors. And you can do it under 35B, nothing about consider the factors. Additionally, what I would point out, and this is, you know, looking at the statutory scheme of this, it's actually incorrect to say that this is in essence really an appropriate way to, the factors are appropriate to be considered, because when you look at 3553 itself, it says factors to be considered in imposing sentence. However, Rule 43A3 specifically says that when you impose sentence, the initial sentencing, which is what happens when you have a 5K motion, which is what happens in these other contexts, at that point, the defendant must be present when the sentence is imposed. But you'll also note that 43B specifically says that a defendant need not be present when a correction or reduction of sentence is taking place under 35B. So the entirety of the statutory scheme — to consider the 3553A factors in deciding how much of a reduction, if any, to give. I mean, what's wrong with allowing that? I notice my time is up. If I can answer Your Honor's question. You can answer the question. There are several things that are wrong with it, both from a policy standpoint and from a statutory standpoint. From a statutory standpoint, we always start with the plain language of the statute. The plain language of the statute, 35B, has no discussion of sentencing factors. It says upon a government — the government's motion, the court may reduce the sentence if the defendant provided substantial assistance. The word may implies discretion. Yeah, it does, Your Honor. And the discretion — Discretion implies looking at different factors. Well, Your Honor, the first thing on that point is that actually it's very well settled, both by the Supreme Court and by this Court, that there are many contexts where may means must. In other words — In a Rule 35 situation, does the court have a duty to impose a sentence that is sufficient but not greater than necessary to serve the purposes of sentencing? Yes, Your Honor, but — And how can a court do that without looking at the 3553? Well, the 3553 factors have already been considered. So the Sixth Circuit in United States v. Grant, for instance, said, look, this is a context where unlike the 5K situation, unlike these other contexts, all of these factors came in and were factored into the initial sentence. In this case, 120 months. So now — We'll hear from the government. I've got one question. Go ahead. Yes. Did you have an opportunity to object to the order? No, Your Honor. The order was issued — actually, the way that it came about was the court initially held a hearing on it, and then seven months went by before the court ultimately issued a decision. The decision that the court issued was simply denied, which goes back to my first point as to why this is a denial. So he didn't grant the motion as required under Park and Doria and this Court's precedent. He denied it. Then what happened is we filed a brief, had an appeal to this Court. We argued in — Did you have an opportunity between the denial and whatever final order there was to object? No, because there was no — To file a motion or anything like that? I don't believe that — well, there was no other hearing that was held, and there was no other opportunity — You didn't file anything in objection? Well, we couldn't because — we did not. We filed a brief because the posture of it was this Court ordered when it remanded. It remanded for the purpose of the district court to explain its decision. Once we got that explanation, the government then said, okay, Second Circuit, here's the explanation. I understand that. This is exactly it. So there really was no opportunity for us to do that, and there was no opportunity for us to argue, for the defendant to argue that the factors should not have been weighed in in the first place, and certainly that the court erred in finding that they must be considered. There was never an opportunity for that. I know your time is up, but — Yes. Didn't the Fourth Circuit, and I think it was in the Davis case, didn't they point out that really it would be an absurd result for the district court not to be able to consider the 3553A factors in deciding whether to reduce a sentence? Those include the continuing danger of the defendant to society, whether the crime is a heinous one. Isn't the judge supposed to consider those things? Your Honor, the judge is supposed to consider those in imposing sentence. The problem is that unlike the 5K context, which leads to the analogy from which that reasoning flows, where those factors are considered along with substantial assistance in the first instance in imposing sentence, here there is a statutory difference that Congress has written in not including the consideration of these factors, which is different because you'll note even in the 5K context under 3553E, it specifically talks about consideration of the guidelines, not here. And the reason that makes sense here is because in imposing the original sentence, all of those factors have already been weighed in. This defendant's sentence was enhanced for all the reasons the district court said. The government knew about all of those things when it submitted the 35B motion. It knew about them. It knew that he had lied. It knew that he had cashed checks. It knew that he was central to the conspiracy. Well, if he had engaged in heroics separate and apart from his substantial assistance, your position is that the district court judge, Johnson, could not have considered that in further, really drastically reducing his sentence. So it goes both ways. Well, I think what would have happened. Do you agree with that, that it goes both ways? I agree it goes both ways. I absolutely agree it goes both ways. Absolutely. And in fact, courts have held that it goes both ways. In fact, the overwhelming authority states that you cannot consider those factors for purposes of finding that a greater reduction is appropriate. So it absolutely should go both ways. In this case, really, this is at core a problem with the judiciary infringing upon the executive. The government, as this court recognized in United States v. SCARPA and the Supreme Court has recognized repeatedly, has a great interest in being able to make cooperation agreements. If the government's authority to do that. We're about to hear from you. Yes. If the government's authority. Correct. Well, if the government's. Well, their position is a little bit different here than it was throughout these proceedings, I'll note. But if the government's authority to do that is undermined by a judge saying you gave substantial assistance, in fact, in a manner that is really unbelievable, that is really unprecedented in this case, what this guy did. And the government acknowledged that in their own motion. If the judiciary can then step in and say you did that, you did everything you said you would do, you gave substantial assistance, but their promise to you means nothing, then nobody will ever come forward again to provide this kind of assistance. And particularly when you're dealing with the Russian mafias in this case with these types of charges, you have a situation. Oh, I'm sorry. I'm sorry, Your Honor. I got a little excited. Remember when Judge Johnson said to him, the record, what do you want, two for one? Isn't that, wasn't he right? You know what? I'm going to rely on the government's quote because immediately when he said do you want a two for one, it's the government, the AUSA, that stepped up and said, actually, this isn't a two for one, it's a one for one. And the government explained that the defendant, they had no evidence on the defendant in these Southern District cases. He voluntarily admitted his guilt, resulting in his conviction of multiple charges that he otherwise never would have faced. The government said it's a one for one. You're way over time. I know, Your Honor. Thank you very much. You have some time for rebuttal. We'll hear from the government. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Michael Warren. I'm an assistant United States attorney in the Eastern District of New York, and I'm here representing the appellee of the United States. Just to comment on one point raised by counsel, and I suspect this will be a rare moment for this court, when the government essentially states that it does not have the unlimited discretion to determine whether a defendant's sentence is reduced. In fact, in virtually every case in which I have had a 5K situation or Rule 35 situation, I have made it clear to the defendant that it, in fact, is not within the government's discretion. It is within the court's discretion whether or not to grant a sentence reduction. So having now conceded that the government does not automatically, by making a 5K or Rule 35 application, require that the defendant's sentence be reduced, I will say this, Your Honor. There's one thing that's clear, Your Honors, one thing that's clear from my review of the case law. The court has fairly broad discretion in its determination on whether or not to grant a Rule 35 or a 5K 1.1, so long as the court's decision is rational and is not based on impermissible grounds. One of the reasons, one of the bases the court should use in making that determination are the Rule 35, the 183553 standards. In fact, as some of Your Honor's questions seem to suggest, and what became clear to me in preparing for my argument last night, it seems to me it's virtually impossible to evaluate a defendant's cooperation and the value thereof without reviewing the 3553 standards. In this case— Well, I agree. It doesn't make sense to me, but I think that the main argument is a plain text argument, that if you look at Rule 35 and then you look at the other rules, Rule 35 doesn't refer to 3553 in the way that the other provisions do. Well, I agree it doesn't refer to it by the statute, but again, just as a matter of common sense, I don't understand how the court can make that determination. For example, the nature of the defendant is very important. I could see a court deciding based on the heinousness of the defendant's initial crimes that his benefit should be minimal based on whatever his cooperation was. Here, Judge Johnson rationally drew the conclusion that the defendant had received a benefit in the Southern District because he did receive essentially a bath for any cases. What about Ms. Aldea's point that the Southern District crimes nobody knew about and suddenly he gets a break in cases here in the Southern District from Judge Batts. He gets the break here, but he's getting a break from things he told the government about that the government didn't know about. The government did not know about it, but I think Judge Johnson's view was nonetheless the defendant was given full exoneration for it. Just because he doesn't know it at the time doesn't mean it might come up at some later date, but I can see at that point the government did not have the information. Mr. Warren, what you just said, the Southern District might have found . . . I mean, the Southern District U.S. Attorneys Office thinks they find everything,  I don't mean to disparage the office, but the fact is that there was nothing at that time that they had concerning the Southern District crimes, was there? As far as I know, Your Honor, they did not have information on that. But there was a second prompt to Judge Johnson's decision as well, and that was because most of those crimes, some of those crimes had been committed while the defendant was on release in the Eastern District. And the court was misled during prior hearings with respect to whether or not the defendant had committed those crimes. I concede, Your Honors, that the court could have ruled, could have decided differently, and we obviously made the application, but the court has the discretion to do that and did it rationally, and for that basis, the court's decision should remain. And unless the court has any additional questions for me, I'll rest at this point. Thank you, Your Honors. Roboto? The first thing I'd like to do is to address the court's concern that it doesn't seem to make sense that you can't consider these factors at this stage, even though the statutory framework does seem to suggest that. So what I'd like to address is why it does make sense that you cannot consider them. The reason that Congress has cut out this very, very clear difference between 35B motions and reductions under 35B and everything else is that in this unique context, this is, there are two things going on. One is that in this unique context, the court has already considered all of the 3553 factors, and the only thing that the court is now looking at is whether there was substantial assistance that would warrant a downward departure. So everything else was factored into the original sentence. In this case, it was factored in many times. In this case, the original deal that this defendant had arranged with the government was to get a sentence of 57 months was the lowest range to 70, I think 50, maybe 57 to 71, something like that. At that point, the defendant wound up, in fact, violating in that he started passing additional checks, which is what the AUSA was just referring to now. Well, the court knew that, and so when they came back, the court, on probation, knowing that this had happened, found that he actually should be sentenced to 84 months. And he was. His sentence was increased. Then he violated again because he wound up posting a Facebook post that was inappropriate that called a cooperator a rat. And then, knowing that, knowing that he lied, knowing that his conduct was bad, the court again increased his sentence to 120 months, releasing the government from any obligation that it had with respect to the initial cooperation agreement. So when the government filed this motion, in this case and in all cases, the government has before it all of the 3553 factors that the court has already considered, and the only new evidence, the only new fact is the substantial assistance. Are there any circumstances under which a, under your two-step process, a district court would grant the motion but deny a reduction? I haven't found one. What I found are circumstances where a district court grants the motion and then says that the reduction should be minimal because looking at everything as a whole. But then denies the reduction. I haven't found one, Your Honor. You haven't found one, but can you think of one? Can I think of a situation that that should be? I would argue that that should never be. I would argue. All right. So just to go back to Judge Chinn's original question, what work does the word may do in Rule 35? Well, so what I was saying before, what I had started saying, is that there are many circumstances where the Supreme Court has actually found that may means must. And this court has found that as well. And the way that you look at that is you look at the statutory court. Your position is may means must here? May means must. Well, my position, yes, in a sense. My position is that when you're looking at the question of how to interpret the word may, first the dictionary definition, Merriam-Webster itself, says that may can mean must in a legal context. Let me ask you another question. Both sides cite United States v. Park, which was my decision in the district court. There, in a Rule 35 situation, the defendant argued that his failing health warranted a larger reduction. That would be precluded under your position. That may be, Your Honor, because that would be actually covered by another provision, potentially. It would be covered. There is a specific provision that allows a person who is 70 years old, has 30 years in, and has failing health and is no longer a danger. But, yes, Your Honor, I think that it does cut both ways, and I'm willing to stand by that. But, Your Honor, if I may address just one thing. Enough, enough, enough. You were way over before. Thank you. We will reserve decision. That completes the calendar, and I'll ask the clerk to adjourn.